IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3180-D

JOHN C. PEEBLES,

        Plaintiff,

v.

INTERNAL REVENUE SERVICE,

        Defendant.

**ORDER**

On August 11, 2025, John C. Peebles ("Peebles" or "plaintiff"), a state inmate proceeding pro se, filed a complaint against the Internal Revenue Service ("IRS") seeking payment of a "federally mandated economic impact stimulus." Compl. [D.E. 1] 5. Peebles proceeds in forma pauperis [D.E. 5, 9]. As explained below, the court dismisses the action.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (cleaned up). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (cleaned

up). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192–93 (4th Cir. 2009).

Peebles argues that "[t]he IRS has been negligent in paying all of [his] stimulus monies" and owes him another $1800. Compl. at 5 (cleaned up); cf. Goodnough v. United States Internal Revenue Serv., No. 2:23-CV-490, 2024 WL 3967253, at *2 (D. Vt. Aug. 28, 2024) (unpublished). Peebles identifies his claim as arising under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Compl. at 2.

Peebles's claim is not cognizable under Bivens. It does not implicate any constitutional right and Peebles names a federal agency as the sole defendant. See FDIC v. Meyer, 510 U.S. 471, 473 (1994); Horton v. Internal Revenue Serv., No. CIV-25-155, 2025 WL 2252603, at *3 (W.D. Okla. July 10, 2025) (unpublished), report and recommendation adopted, 2025 WL 2245156 (W.D. Okla. Aug. 6, 2025) (unpublished); Foster v. IRS, Dallas TX, No. 3:25-CV-237, 2025 WL 1335674, at *2 (N.D. Tex. Apr. 17, 2025) (unpublished), report and recommendation adopted, 2025 WL 1333662 (N.D. Tex. May 7, 2025) (unpublished). The court lacks subject-matter jurisdiction over Peebles's complaint, either because he failed to "plead a basis for suing the IRS" or because he filed the action too late to obtain relief, rendering his claim moot. Foster, 2025 WL 1335674, at *2–3; see, e.g., Thompson v. United States Internal Revenue Serv., No. 1:23-CV-1247, 2025 WL 1809740, at *3–4 (W.D. Tenn. July 1, 2025) (unpublished); Goodnough, 2024 WL 3967253, at *4; Watson v. United States, No. 7:22-CV-183, 2022 WL 12078560, at *2

2

(W.D. Va. Oct. 20, 2022) (unpublished). Alternatively, there is no "private cause of action for non-receipt of funds . . . under" the federal statutes which authorized stimulus payments during the COVID-19 pandemic. Horton, 2025 WL 2252603, at *3; see Goodnough, 2024 WL 3967253, at *2; Thacher v. Internal Revenue Serv., No. 22-3283, 2022 WL 1711367, at *3 (D. Kan. Nov. 23, 2022) (unpublished) (collecting cases). Accordingly, the court dismisses the action.

In sum, the court DISMISSES WITHOUT PREJUDICE the action for lack of subject-matter jurisdiction or alternatively for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). The clerk shall close the case.

SO ORDERED. This 13 day of October, 2025.

JAMES C. DEVER III
United States District Judge